UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In Re:
CRISTINA J. PERTIERRA,                                Case No. 10-13778 BKC LMI
    Debtor.                                                           Chapter 7
_____/

BARRY E. MUKAMAL,                                    Adv. Case No. 11-01855 BKC LMI
    Plaintiff,
vs.

CRISTINA J. PERTIERRA,
    Defendant.
_____/

### **DEFENDANT'S, CRISTINA J. PERTIERRA, CLOSING ARGUMENT**

**COMES NOW,** the Defendant, CRISTINA J. PERTIERRA (hereinafter the "Defendant" or "Debtor"), by and through undersigned counsel, and hereby files her Closing Argument and states as follows:

The Plaintiff, Barry Mukamal as Chapter 7 Trustee of the Bankruptcy Estate of Cristina Josephina Pertierra (hereinafter the "Plaintiff" or "Trustee"), through his counsel, has endeavored to establish that the Defendant's chapter 7 bankruptcy discharge should be denied by this Court pursuant to 11 U.S.C. §727(a)(2) through (5). The Plaintiff has further sought to establish that the Defendant's homestead exemption, in the property located at 937 Sunset Drive, Miami, Florida (hereinafter the "Miami Property"), as listed in her bankruptcy petition and schedules, is improper claiming it is not the Debtor's true homestead as, the Plaintiff argues, the Defendant did not permanently reside there as of the date of the filing of the bankruptcy petition but rather resided at another property located at 5770-5774 Estero Blvd, Ft. Myers Beach, Florida (hereinafter the "Ft. Myers Property"). After presentation of all the evidence, comprising both documentary exhibits and witness testimony, the Plaintiff has failed to meet its burden and judgment should be entered in the

1

favor of Defendant.

## MEMORANDUM OF LAW AND APPLICATION TO THE FACTS IN THIS CASE

The heart of the Bankruptcy Code's fresh start provisions is §727. Subsection (a) requires the Court to grant a debtor a discharge unless the debtor has committed any one of twelve prohibited acts prior to or during the bankruptcy case. Four of those acts are at issue in this case. The relevant Code sections are:

1) §727(a)(2), which provides, in pertinent part, that discharge shall not be granted if "...the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed – (A) property of the debtor within one year before the date of the filing of the petition; or (B) property of the estate, after the date of the filing of the petition.";

2) §727(a)(3), which provides, in pertinent part, that discharge shall not be granted if "...the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.";

3) §727(a)(4), which provides, in pertinent part, that discharge shall not be granted if "…the debtor knowingly and fraudulently, in or in connection with the case – (A) made a false oath or account...." or "(D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affair.";

4) §727(a)(5), which provides, in pertinent part, that discharge shall not be granted if "…the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph any loss of assets or deficiency of assets to meet the debtor's liabilities."

Pursuant to FRBP 4005, an objector to discharge bears the burden of proving grounds for denial of discharge. The Plaintiff has the burden of proof on all matters by a preponderance of the evidence, *see* Grogan v. Garner, 498 U.S. 279 (1991); Jennings v. Maxfield (In re Jennings), 533 F.3d 1333, (11th Cir. 2008). Because the denial of a debtor's discharge "imposes an extreme penalty for wrongdoing," §727 "must be construed strictly against those who object to a debtor's discharge

2

and 'liberally in favor of the bankrupt.'" State Bank of India v. Chalasani (In re Chalasani), 92 F.3d 1300, 1310 (2d Cir. 1996) (quotation omitted). Further, the reasons for denial of the discharge must be real and substantial rather than technical and conjectural. *See* Commerce Bank v. Burgess, 955 F.2d 134 (1st Cir. 1992).

    1.   Count I – Denial of Discharge Per 11 U.S.C. §§727(a)(4)(A) and (D)

The Plaintiff seeks, in Count I of the Complaint, to deny the Debtor's discharge under section 727(a)(4)(A) and (D). To sustain an objection to a discharge under section 727(a)(4)(A) and (D), the Plaintiff must show that the debtor: (A) knowingly and fraudulently, in or in connection with the case made a false oath or account *or* (D) withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

In support of this position, the Trustee testified that the Debtor was not truthful in her testimony regarding the Miami Property being her homestead property, as evidenced by her Florida Driver's License which listed the Fort Myers Property address, purportedly failed to disclose to the Trustee a transfer of the Ft. Myers Property, failed to file and/or provide copies of her federal income tax returns for the tax years 2010 and 2011 and failed to provide a select number business records and documents covering the previous five years.

The Debtor, however, gave testimony, at the §341 Meeting of Creditors, during her Rule 2004 Examination and before the Court, that she permanently resides, and did at the time of filing her petition reside, at the Miami Property and testified that the only reason her Florida Driver's License listed the Fort Myers address was because it was the property address where her motor vehicle was insured because she was advised by her insurance agent to list the Ft. Myers Property address therein in order to reduce automobile insurance costs. The Debtor also provided the Trustee with a myriad of documents establishing that the Miami Property was indeed where she, her husband and her children

3

all permanently reside, including but not limited to the following: a) her Voter's Registration Card which lists the Miami Property address; b) county property appraiser documents establishing that her "homestead property" tax exemption is, and has been since purchasing the property, applied to the Miami Property and never to the Ft. Myers Property; c) documents indicating that her children reside and are home schooled at the Miami Property; d) documents from the Florida Bar listing an address in Miami-Dade County; and e) documents evidencing that her former business was located in Miami-Dade County and that her husband works in Miami-Dade County near their Miami Property address.

As to the failure to disclose the transfer of the Ft. Myers Property, the Debtor was not required to disclose the transfer on her bankruptcy petition as the transfer had occurred more than two (2) years prior to the filing date, however, when asked about it by the Trustee and his counsel, the Debtor truthfully disclosed the transfer and provided the Trustee with a copy of the quit claim deed evidencing the transfer. Further, the Debtor testified that the reason she transferred the property to her husband, a non-filer, was because, at the time, they were applying for a mortgage loan modification and, due to the Debtor's poor credit, they thought it would improve their chances at modification if the Debtor's husband applied alone due to his better credit. Further, the property that the Debtor transferred to her husband had no equity at the time of the transfer and would thus have no benefit to the bankruptcy estate.

Regarding the issue of the failure to file and/or provide the Trustee with copies of her federal income tax returns, the Debtor testified that she was advised by her accountant that she did not need to file federal income tax returns for the tax years 2010 and 2011 because she earned less than the minimum amount of annual income requiring the filing of income tax returns for those years and her income, as listed on the petition and schedules, is consistent with her testimony. The Trustee, a C.P.A., on cross examination conceded that given the Debtor's level of annual income she was not required to file income tax returns.

4

Finally, the Debtor provided the Trustee with all the financial records she had or could obtain in response to his request. The following are just some of the documents the Debtor provided to the Trustee: a) copies of deeds to her real properties; b) copies of real estate closing documents; c) copies of loan applications; d) copies of cancelled checks and bank statements for her personal bank accounts covering at least one year; e) copies of cancelled checks and bank statements for her business account covering two years; and f) copies of her personal federal income tax returns covering the last four years she was required to file. The Debtor testified that the documents provided to the Trustee constituted everything she had.

None of the aforementioned testimony from the Debtor was controverted and, as such, the Plaintiff has failed to meet his burden and did not establish that the Debtor knowingly and fraudulently made a false oath or account or withheld from any recorded information, including books, documents, records, and papers, relating to her property or financial affairs meriting a denial of discharge.

2. Count II – Denial of Discharge Per 11 U.S.C. §727(a)(5)

The Plaintiff seeks, in Count II of the Complaint, denial of discharge under section 727(a)(5). In order to satisfy this provision, The Plaintiff must prove that the Debtor failed to satisfactorily explain a loss of assets or a deficiency of assets to meet her liabilities. 11 U.S.C. §727(a)(5). The determination of whether a particular explanation is satisfactory is left to the discretion of the Court. Fiala v. Lindemann (In re Lindemann), 375 B.R. 450, 472-73 (Bankr. N.D. Ill. 2007) (outlining the proper analysis); *see also* Chalik v. Moorefield (In re Chalik), 748 F.2d 616, 619 (11th Cir. 1984). The Court may consider all relevant circumstances, including the materiality of any loss or deficiency in light of the facts of the case. The focus of §727(a)(5) is not on why the Debtor expended or dissipated assets, but rather, "'[t]he Court need only decide whether the explanation satisfactorily describes what happened to the assets, not whether what happened to the assets was

5

proper.'" <u>Stewart Tilghman Fox & Bianchi, P.A. v. Kane (In re Kane)</u>, 470 B.R. 902, 934-35 (Bankr. S.D. Fla. 2012) (quoting <u>Great Am. Ins. Co. v. Nye (In re Nye)</u>, 64 B.R. 759, 762 (Bankr. E.D. N.C. 1986); <u>Bezner v. Robbins (In re Robbins)</u>, 2008 WL 2038833, at *4 (Bankr. D. N.J. May 12, 2008) ("The definition of a reasonable explanation for § 727(a)(5) purposes is perhaps best elucidated by focusing on what it is not: it is not a justification for the use of the assets.").

In support of this position, the Trustee testified that the Debtor did not explain to <u>his satisfaction</u> how funds that the Debtor obtained, as a result of one or more Home Equity Lines of Credit, were expended and whether certain mortgage payments on the Ft. Myers Property were actually made by the Debtor. In response, the Debtor testified that she was unable to locate copies of the checks and bank statements from three years before the filing of the bankruptcy petition. However, the Debtor provided evidence of the mortgage payments in the form of loan account statements showing that the payments on the Ft. Myers Property as having been made. Likewise, the Debtor provided all relevant documents in connection with transactions affecting the Miami Property and the Ft. Myers Property, including copies of loan documents for both properties and her credible testimony regarding her personal involvement in the mortgage/home equity line of credit transactions and provided an unrebutted explanation of her expenses, including hand written notes of her recollection of payments made on the mortgage. Therefore, the Plaintiff has failed to meet his burden and did not establish that the Debtor has failed to provide a reasonable explanation describing what happened to the assets in question to merit a denial of discharge.

    3.   <u>Count III – Denial of Discharge Per 11 U.S.C. §727(a)(3)</u>

The Plaintiff seeks, in Count III of the Complaint, to deny the Debtor's discharge under section 727(a)(3). To sustain an objection to a discharge under section 727(a)(3), the Plaintiff must show either (a) a failure by the Debtor to keep or preserve any recorded information, including books, documents, records and papers, *or* (b) an act of destruction, mutilation, falsification or

concealment of any recorded information including books, documents, records and papers by the debtor or someone acting for the debtor, *and* that the failure to keep such books or records or the act complained of renders it impossible to ascertain the financial condition and material business transactions of the Debtor. *See* Menotte v. Moore (In re Moore), 375 B.R. 696, 702 (Bankr. S.D. Fla. 2007). A debtor is required to keep books and records in a manner that is reasonable under the circumstances. The records need not be in any particular form; however, they must be sufficient to "enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past." see In re Cox, 904 F.2d 1399 (9th Cir. 1990).

To deny discharge under section 727(a)(3) based on falsification, the Debtor must have falsified financial records "from which the debtor's financial condition or business transactions might be ascertained...." 11 U.S.C. § 727(a)(3); *see* In re Moore, 375 B.R. at 702. In other words, the Plaintiff must first show that a falsification occurred rendering it impossible, or at least extremely difficult, to ascertain the financial condition and material business transactions of the Debtor. Id. Evidence that a debtor may have misrepresented certain facts concerning his or her income to a mortgage lender years earlier has no bearing on a denial of discharge as it does not have any impact on the ability of the Court and parties in interest to ascertain a debtor's present financial condition or business transactions. *See* Benevento v. Cadle Company of Connecticut, Inc. (In re Benevento), Doc. 105, Adv. No. 11-01011 (Bankr. S.D. Fla. 8-14-2012).

During the trial, the Trustee testified that he had found inconsistencies between the Debtor's income tax returns for specific tax years and her loan applications for those same years, implying that there was some misrepresentation of income on the part of the Debtor in order to obtain the mortgage loan. However, none of this establishes that the Debtor falsified any recorded information rendering it impossible, or at least extremely difficult, to ascertain the financial condition and material business transactions of the Debtor pursuant to §727(a)(3). Further the Debtor's testimony, along with the

7

record, paint a complete and detailed picture of the Debtor's financial condition and business transactions over a period of several years. The Plaintiff attempts to muddy the waters by highlighting what he considers to be past misrepresentations and asks this Court to punish the Debtor with a denial of discharge. As such, the Plaintiff has failed to meet his burden for denial of discharge pursuant to section 727(a)(3).

    4.   Count IV – Denial of Discharge Per 11 U.S.C. §727(a)(2)

The Plaintiff, in Count IV of the Complaint, objects to the Debtor's discharge pursuant to section 727(a)(2)(A) and (B). To sustain an objection under section 727(a)(2)(A), the Plaintiff must prove four components: a) that the act complained of was done within the one year before the date of the filing of the petition; b) that the act was done with actual intent to hinder, delay or defraud a creditor; c) that the act was that of the debtor or a duly authorized agent of the debtor; and d) that the act consisted of transferring, removing, destroying or concealing any of the debtor's property, or permitting any of these acts to be done. In re Jennings, 533 F.3d at 1339. Section 727(a)(2) is specifically limited to acts of the debtor within a year prior to the filing of a bankruptcy petition.

However, when considering an alleged concealment of assets the doctrine of "continuing concealment" allows the Court to look back more than one year if there is evidence that the Debtor has been hiding assets over a longer period that continues to within one year of the filing date. In re Coady, 588 F.3d at 1316. Importantly, however, the concealment must be "property of the debtor." 11 U.S.C. § 727(a)(2)(A). The Plaintiff must prove that the Debtor concealed an interest in property and that the Debtor retained such interest in property during the year prior to the filing of her chapter 7 case. It is not sufficient to show that the Debtor transferred property in the past, even if such transfer was somehow improper, if the transfer did not leave the Debtor with a continuing interest in property. Rosen v. Bezner, 996 F.2d 1527, 1534 (3d Cir. 1993).

No evidence was presented during the trial to support that the Debtor transferred, removed,

destroyed, mutilated, or concealed either her property within one year before the date of the filing of the petition or property of the estate, after the date of the filing of the petition and, as such, the Plaintiff has failed to meet his burden for denial of discharge pursuant to section 727(a)(2).

5. Count V – Objection to Claimed Exemptions

The Plaintiff, in Count V of the Complaint, objects the Debtor's claimed homestead exemption in the Miami Property and claims that the Debtor was not permanently residing there as of the date of the filing of the bankruptcy petition. One of Florida's strongest exemptions is that which protects homestead property. *See* Colwell v. Royal International Trading Corp., 226 B.R. 714 (S.D. Fla. 1998); The Florida Constitution grants debtors "a liberal exemption" for homestead property. Englander v. Mills (In re Englander), 95 F.3d 1028, 1031 (11th Cir. 1996); In re McClain, 281 B.R. 769 (Bankr. M.D. Fla. 2002). In Florida, a homestead is established when there is "actual intent to live permanently in a place, coupled with actual use and occupancy." In re Brown, 165 B.R. 512, 514 (Bankr. M.D. Fla. 1994). Ultimately, all that is required is that the property owner reside on the property and in good faith make the same his permanent home. Colwell, 226 B.R. at 719; *see also* Judd v. Shooley, 158 So.2d 514, 516 (Fla. 1963). Exceptions to the homestead exemption should be strictly construed in favor of claimants and against challengers. In re Ehnle, 124 B.R. 361, 363 (Bankr. M.D. Fla. 1991).

As previously stated, in response to Count I of the Complaint above, the Debtor, has provided ample evidence establishing that she is entitled to the homestead exemption on the Miami Property as she has established through her unrebutted testimony, and through documents provided to the Trustee and admitted into evidence, that the Debtor intended to and has permanently resided in the Miami Property since the purchase of the home. As such, the Debtor is entitled to apply Florida's homestead exemption as claimed in the bankruptcy petition and schedules.

**WHEREFORE**, undersigned counsel prays that this Honorable Court will enter Judgment in favor of the Defendant, Cristina J. Pertierra, and grant whatever other relief it deems just, reasonable and proper.

## CERTIFICATE OF ADMISSION

**I HEREBY CERTIFY** that I am a member of the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was mailed this 10th day of October 2012 to: James B. Miller, Esq., 19 West Flagler Street, Suite 416, Miami, FL 33130.

Respectfully Submitted:

**EMMANUEL PEREZ AND ASSOCIATES, P.A.**
Attorney for Defendant
901 Ponce De Leon Blvd., Suite 101
Coral Gables, FL 33134
Tel. 305-442-7443

By: */s/ Emmanuel Perez*_____
  [X]Emmanuel Perez, Esq., FBN# 586552